UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NITRON INTERNATIONAL CORPORATION | * | CIVIL ACTION |
| | * | NO. |
| VERSUS | | |
| | * | SECTION |
| M/V ATLANTIC JUPITER, her engines, boilers, tackle, furniture, apparel, etc., | * | JUDGE |
| in rem, HEROIC LYNX, INC., NAVIG 8 CHEMICALS POOL, INC. and HANJIN | * | MAG |
| OVERSEAS PTE, LTD., in personam | | |
| * * * * * * * * | | |

**VERIFIED COMPLAINT**

Now into Court, through undersigned counsel, comes Plaintiff, Nitron International Corporation ("Nitron"), and for its Verified Complaint against the M/V ATLANTIC JUPITER, her engines, boilers, tackle, furniture, apparel, etc., in rem, against Heroic Lynx, Inc. ("Heroic"), the registered owner of the M/V ATLANTIC JUPITER, and Navig 8 Chemicals Pool, Inc., a charterer of the M/V ATLANTIC JUPITER, and Hanjin Overseas Pte. Ltd. ("Hanjin"), in personam, in a cause of action within the Admiralty and Maritime jurisdiction of this Honorable Court, and stating an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, respectfully represents upon information and belief as follows:

1

I.

This is an Admiralty and Maritime claim within the jurisdiction of the United States and of this Honorable Court all within the meaning Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is proper pursuant to 28 U.S.C. §1333, 9 U.S.C. §201 *et seq*. and Rule 9(h) of the Federal Rules of Civil Procedure.

II.

At all times material hereto, plaintiff, Nitron, was and still is a corporation organized and existing under the laws of the State of Connecticut, and was, at all times material hereto, the registered owner of a certain cargo of urea ammonium nitrate solution laden aboard the M/V ATLANTIC JUPITER.

III.

At all times material hereto, defendant, Heroic, was and still is a corporation or other legal entity organized and existing pursuant to and by virtue of the laws of a foreign state or nation, but doing business in the State of Louisiana within the jurisdiction of this Honorable Court, and was, at all times material hereto, the owner of the M/V ATLANTIC JUPITER, and was engaged in the common carriage of merchandise by water for hire.

IV

At all times material hereto, defendant, Navig 8 Chemicals Pool, Inc., was, and still is, a corporation or other legal entity organized and existing pursuant to and by virtue of the laws of a foreign state or nation, but doing business in the State of Louisiana, within the jurisdiction of this Honorable Court, and which was, at all times material hereto, a charterer of the M/V ATLANTIC JUPITER.

V.

At all times material hereto, defendant, Hanjin, was, and still is, a corporation or other legal entity organized and existing pursuant to and by virtue of the laws of a foreign state or nation, but doing business in the State of Louisiana, within the jurisdiction of this Honorable Court, and which was, at all times material hereto, the owner and/or owner pro hac vice and/or operator and/or manager of the M/V ATLANTIC JUPITER.

VI

At all times material hereto, the M/V ATLANTIC JUPITER was, and still is, a cargo vessel engaged in the common carriage of merchandise by water for hire between various foreign and domestic ports, including the Port of New Orleans, and is now, or will be during the pendency of process hereunder within this district and within the jurisdiction of this Honorable Court.

VII

In October, 2012, there was delivered to defendants, Heroic, Navig 8, Hanjin and the M/V ATLANTIC JUPITER, at the Port of Klaipeda, Lithuania, a consignment of urea ammonium nitrate solution, all in good order and condition, for carriage aboard the M/V ATLANTIC JUPITER to the Port of New Orleans, Louisiana and in consideration of an agreed freight and in accordance with the terms of one or more Bill(s) of Lading which was signed and delivered to the shipper of said cargo by the master of the M/V ATLANTIC JUPITER and/or his duly authorized agents.

VIII

On or about 29 November 2012, the M/V ATLANTIC JUPITER arrived in the Mississippi River at Burnside midstream buoys where a consignment of urea ammonium nitrate solution was subsequently discovered not to be in the same good order and condition as when received by defendants, but on the contrary, the cargo was delivered in a damaged and contaminated condition, all as a result of defendants' negligence, neglect and fault as well as a breach of the contracts of carriage and bailment on the part of defendants and/or a breach of the defendants' other contractual and legal obligations and/or the unseaworthiness of the M/V ATLANTIC JUPITER.

IX

The damaged and contaminated condition of the aforesaid cargo of urea ammonium nitrate solution in bulk was not caused by the negligence or fault of plaintiff or anyone for whose actions plaintiff may be responsible; rather, said damages were solely the result of defendants' fault, negligence, breach of contract, breach of warranty (both express and implied), failure to perform their duty in a workmanlike manner, negligent balement, failure to property load, stow, trim, carry, discharge and handle said consignment of urea ammonium nitrate solution, and failure to take reasonable and proper precautions and safeguards to protect said cargo and in such particulars as will be shown at the trial of this matter.  Plaintiff reserves the right to amend and supplement the foregoing as more information becomes available through discovery.

X

Plaintiff further avers that said damages were the result of the unseaworthiness of the M/V ATLANTIC JUPITER and the failure of the defendants to exercise due diligence to make said vessel tight, staunch and in all respects seaworthy for the carriage and/or discharge of said cargo and the negligence and breach of contract, both express and implied, of defendants, their agents, servants, and/or employees which resulted in damage to the cargo of urea ammonium nitrate solution which was aboard the M/V ATLANTIC JUPITER.

XI

Nitron seek jurisdiction over the in rem defendant, the M/V ATLANTIC JUPITER, asserting a maritime lien against said vessel by arrest thereof pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture actions of the Federal Rules of Civil Procedure.

XII

Nitron also seeks jurisdiction over the in personam defendants, Heroic, Navig and Hanjin by attachment/arrest of their goods and chattels within this district and within the State of Louisiana pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure by writ of foreign attachment to be issued against the M/V ATLANTIC JUPITER, presently afloat on the Mississippi river.

XIII

Nitron seeks security for its entire claim plus interest, costs and attorney's fees by arresting and attaching the M/V ATLANTIC JUPITER, which on information and belief, is the property of Heroic and Hanjin, pursuant to Rules B and C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

XIV

Prior to the damage of the aforementioned cargo on board the M/V ATLANTIC JUPITER, as aforesaid, plaintiff was the owner of said cargo and brings this action on its own behalf and as agent and trustee on behalf of its underwriters and all others who are now or may become interested in said consignment, as their respective interests may ultimately appear.

XV

Plaintiff and/or its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the above referred to Bill(s) of Lading.

XVI

By reason of the foregoing premises, plaintiff has sustained damages in the sum of TWO MILLION AND NO/100 DOLLARS ($2,000,000.00), plus attorney's fees, interest (including pre-judgment interest) and costs, as nearly as presently can be estimated, no part of which has been paid, although duly demanded.

XVII

All and singular the foregoing premises are true and correct and within the Admiralty and Maritime Jurisdiction of The United States of American and this Honorable Court.

WHEREFORE, plaintiff prays that:

1) Process in due form of law issue pursuant to Rules B and C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal rules of Civil Procedure and that the M/V ATLANTIC JUPITER, presently or during the pendency of this action due to be laying afloat on the navigable waters of the United States of America within the jurisdictional limits of this Honorable Court be arrested and attached in the proceeding to the amount of plaintiff's claims, stated herein, plus interest, costs and attorney's fees;

2) All persons having an interest in said vessel, the M/V ATLANTIC JUPITER, be compelled to appear here and claim said vessel and answer all and singularly the allegations set forth herein;

3) Defendants, Heroic Lynx, Inc., Navig 8 Chemicals Pool, Inc. and Hanjin Overseas Pte, Ltd., in personam, and the M/V ATLANTIC JUPITER, its engines, tackle, apparel and appurtenances, in rem, be required to appear here and answer all and singular the allegations set forth under oath;

4) Plaintiff have judgment against defendants in the amount of the aforesaid TWO MILLION AND NO/100 DOLLARS ($ 2,000,000.00) plus interests, costs and attorney's fees;

     5)    Said M/V ATLANTIC JUPITER be condemned and sold to satisfy the claims of plaintiff herein;

     6)    Plaintiff have such other and further relief as the law and justice may require.

          Respectfully submitted,

          MURPHY, ROGERS, SLOSS & GAMBEL

          /s/ E. Carroll Rogers
          E. Carroll Rogers #11421
          crogers@mrsnola.com
          Jeffrey A. Raines #11076
          jraines@mrsnola.com
          Suite 400, One Shell Square
          701 Poydras Street
          New Orleans, Louisiana 70139
          Telephone: (504) 523-0400
          *Attorneys for Nitron International Corporation*

**INSTRUCTIONS FOR U.S. MARSHAL**

U.S. Marshal is to issue the Warrant of Arrest and Attachment and arrest the M/V ATLANTIC JUPITER presently afloat at Mile 165 Mississippi River.

**PLEASE SERVE**:
Heroic Lynx, Inc.
c/o Master, M/V ATLANTIC JUPITER and
Pursuant to the Louisiana Long-Arm Statute
R.S. 13:3201, *et seq.* and the Louisiana Watercraft
Statute, R.S. 13:347
Room 809 Tsim Sha Tsui Centre
66 Mody Road
Kowloon, Hong Kong

Hangin Overseas Ptd, Ltd.
c/o Master, M/V ATLANTIC JUPITER and
Pursuant to the Louisiana Long-Arm Statute
R.S. 13:3201, *et seq.* and the Louisiana Watercraft
Statute, R.S. 13:347